520 So.2d 604 (1987)
COMMUNITY HOSPITAL OF NEW PORT RICHEY/UNIVERSITY pSYCHIATRIC CENTER, INC., Appellants,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, et al., Appellees.
Nos. BO-276, BP-18.
District Court of Appeal of Florida, First District.
September 29, 1987.
*605 Donna H. Stinson of Moyle, Flanigan, Katz, Fitzgerald & Sheehan, P.A., Tallahassee, for appellant Community Hosp. of New Port Richey.
R. Terry Rigsby of Moffitt, Hart, Rigsby & Herron, Tallahassee, for appellant University Psychiatric Center, Inc.
Steven W. Huss, Gen. Counsel, Dept. of Health and Rehabilitative Services, Tallahassee, Douglas L. Mannheimer of Culpepper, Pelham, Turner & Mannheimer, Dept. of HRS, Tallahassee and F. Philip Blank and Reynold Meyer of F. Philip Blank, P.A., Tallahassee, for appellees.
WILLIS, BEN C. (Retired), Associate Judge.
The appellee Department of Health and Rehabilitative Services (hereinafter referred to as HRS) issued a certificate of need, pursuant to the provisions of § 381.494, Fla. Stat., to appellee Pasco Psychiatric Center, Inc. (Pasco), to build a freestanding psychiatric/substance abuse hospital in Pasco County. The proposed hospital will have 72 beds of which 35 will be for general adult use, 20 for adolescents, and 17 for substance abuse patients. Pasco agreed to allocate 10 percent of its patient days to the care of indigent and Baker Act patients. The appellants, which are competing hospitals in the area, participated in an adversary hearing before a hearing officer. There was no competing application for the certificate of need, and, apparently, the complaining hospitals simply felt that they would be harmed by a loss of patients to the new facility. They contend that the recommended order of the hearing officer, which was adopted in its entirety in the final order of HRS, violates certain rules or criteria for the certificate issued and that certain procedural actions were prejudicial and not in accord with due process to the extent that the appellant protesting parties were unlawfully denied their rights.
A full review of the transcript of the proceedings below reveals that the hearing officer was at times brusque, but appellants' contention that he evidenced bias against them is without support in the record. Neither does it appear that the appellants were denied a "clear point of entry" to the certificate of need review. See Gulf Court Nursing Center v. Department of Health and Rehabilitative Services, 483 So.2d 700 (Fla. 1st DCA 1986). It is not shown that there was any significant denial of opportunity to offer or object to evidence or to fully present the factual or legal points sought to be advanced. Also, it is not found that there was any violation of the rules or established standards of HRS in the rationale given for the rulings enunciated in the final order. It is abundantly demonstrated that there exists a genuine need for the new facility, and for *606 its services and its accessibility to those in need of such services at the place where it is to be located.
Under § 381.494(8)(e), Fla. Stat. we are limited in our judicial review of the granting or denial of a certificate of need in that "[T]he court must affirm the decision of the department unless the decision is found to be arbitrary, capricious, or not in compliance with this act."
We do not think the decision of HRS to grant the certificate of need was arbitrary or capricious, but rather find that it is fully sustained by substantial, competent evidence. Furthermore, we find it in substantial compliance with the act and fully in accord with its basic objectives.
AFFIRMED.
BOOTH, J., concurs.
WENTWORTH, J., concurs with opinion.
WENTWORTH, Judge, concurring.
I agree with the majority and would note further that the hearing officer did not err in requiring the parties to prefile the testimony of their expert witnesses or in refusing to strike portions of said written testimony. Motions to strike which are in the nature of argument, and which are directed to the weight of the evidence rather than to its admissibility, need not be entertained. Yellow Forwarding Co. v. Interstate Commerce Commission, 369 F. Supp. 1040 (D.Kan. 1973). The appellants had an opportunity to cross-examine the appellees' expert witnesses and further had an opportunity to study their testimony during the weeks prior to the hearing so as to better prepare for cross-examination. The appellants have not shown that any particular opinion expressed by any of appellees' witnesses was irrelevant, speculative or beyond the expertise of the witness and thus have demonstrated no reversible error.